# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JON C. JORGENSON,
        Plaintiff,

    v.                                                    Case No. 09C0350

SKIS DYNASTAR, INC., et al.,
        Defendants.

## DECISION AND ORDER

Plaintiff Jon C. Jorgenson brings this diversity action against defendant Skis Dynastar, Inc. ("Dynastar") and its insurer, seeking damages for injuries he suffered while skiing with Dynastar equipment. Plaintiff is a citizen of Wisconsin, and Dynastar is a Delaware corporation with its principal place of business in Utah. Dynastar's insurer is a foreign corporation, and its principal place of business in New Jersey. Dynastar contends that I lack personal jurisdiction over it and that venue is therefore improper under 28 U.S.C. § 1391. Accordingly, it now moves to transfer the case to the District of Utah.

The relevant facts are as follows: Dynastar distributes ski equipment through local dealers. Although it has no Wisconsin employees, its regional sales manager, Chip Cimallo, has an office in Wisconsin. Dynastar sells its equipment through dealers with whom it contracts. It has eleven such dealers in Wisconsin. The dealers take orders and transmit them to Cimallo. Cimallo visits Dynastar's Wisconsin dealers approximately three times per year to provide them with information, material and support. Dynastar also sells equipment to Wisconsin residents on line. In the 2007-08 ski season, defendant's Wisconsin sales totaled about $129,700. In addition, Dynastar advertises in national

publications which go to Wisconsin residents. Dynastar sent invitations to an April 2007 promotional event in Utah to all of its Wisconsin dealers. It was at this event that plaintiff was injured. At the time of his injury, plaintiff was employed by the Scandinavian Ski Shop (the "Ski Shop"), a Dynastar dealer located in Glenview, Illinois, about thirty miles from the Wisconsin border. The Ski Shop's customers include Wisconsin residents. When he was injured, plaintiff was treated in Utah but subsequently returned to Wisconsin where he received extensive medical care.

Plaintiff has the burden of proving personal jurisdiction, but it is not a heavy one. Shepherd Inv. Int'l v. Verizon Comm., Inc., 373 F. Supp. 2d 853, 859 (E.D. Wis. 2005). In determining personal jurisdiction, I may consider the evidence in the record, and I view it in the light most favorable to plaintiff. Id. I have personal jurisdiction over Dynastar if a Wisconsin state court would have personal jurisdiction. Id. at 859-60. Determining whether I have personal jurisdiction involves a two-part inquiry: whether Wisconsin's long-arm statute reaches Dynastar and, if so, whether exercising jurisdiction is consistent with due process. Id. at 860.

Under Wisconsin's long-arm statute, Wis. Stat. § 801.05, a Wisconsin court may exercise either general or specific jurisdiction over a nonresident defendant. Id. In the present case, only general jurisdiction is at issue. Section 801.05(1)(d) confers such jurisdiction "in any action whether arising within or without this state, against a defendant who when the action is commenced is engaged in substantial and not isolated activities within this state whether such activities are wholly interstate, intrastate or otherwise." I construe the statute liberally in favor of exercising jurisdiction. Id. In order to satisfy the

2

requirements of § 801.05(d)(1), Dynastar's Wisconsin activities must be continuous and systematic. Id. at 861. They must be substantial and consist of more than isolated contacts. Id. (citing Travelers Ins. Co. v. George McArthur & Sons, 25 Wis. 2d 197, 203 (1964).

Contacts are continuous and systematic when the defendant "solicit[s], create[s], nurture[s], or maintain[s], whether through personal contacts or long distance communications, a continuous business relationship with anyone in the state." Id. (quoting Stauffacher v. Bennett, 969 F.2d 455, 457 (7th Cir. 1992). Even if a nonresident never sets foot in Wisconsin, the existence of a continuing business relationship with someone in Wisconsin is enough to warrant an inference that the defendant benefits from services provided in Wisconsin and could therefore be required, as a quid pro quo, to submit to the jurisdiction of the state's courts. Stauffacher, 969 F. 2d at 457-58. If Dynastar's Wisconsin contacts are sufficient to satisfy the requirements of the statute, I will presume that the exercise of general jurisdiction satisfies due process, subject to Dynastar's opportunity to rebut. Shepherd Inv. Int'l, 373 F. Supp. 2d at 861 (citing Kopke v. A. Hartrodt S.R.L., 245 Wis. 2d 396, 417 (2001)).

In the present case, Dynastar clearly conducted a portion of its business in Wisconsin. It had contractual arrangements with a regional sales manager located in Wisconsin and with eleven dealers who sold its products in Wisconsin. It maintained a continuing business relationship with its Wisconsin dealers. It invited them to promotional events at its Utah headquarters, and it had its regional sales manager visit them at regular intervals to provide them with information and material and to support their sales efforts. Dynastar also sold its products to Wisconsin residents through other outlets, including a

website and a ski shop located in Illinois near the Wisconsin border. In the 2007-08 year, Dynastar sold over $125,000 worth of products in Wisconsin. It also advertised in national publications which went to Wisconsin.

Thus, Dynastar had continuous and systematic business contacts with Wisconsin. It nurtured and maintained long-term relationships with its Wisconsin dealers, and it did a substantial amount of business in Wisconsin. The fact that Dynastar's Wisconsin business represented only a small percentage of its overall business is immaterial as long as it engaged in substantial Wisconsin activity. Id. at 863. Finally, the quality of Dynastar's Wisconsin contacts was high as its dealers made personal sales to Wisconsin consumers. Thus, Dynastar's Wisconsin contacts are sufficient to satisfy § 801.05(d)(1).

Because Dynastar's Wisconsin contacts satisfy the long-arm statute, I presume that the exercise of jurisdiction satisfies due process. Dynastar has the burden of establishing that the exercise of personal jurisdiction is unreasonable. Dynastar presents no arguments which suggest that it would be unfair in any way for a Wisconsin court to exercise jurisdiction over it.

Therefore, for the reasons stated,

**IT IS ORDERED** that defendants' motion to transfer venue based on the absence of personal jurisdiction is **DENIED**.

Dated at Milwaukee, Wisconsin this 12 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge

4